*913 OPINION.
Tbammell
: The question presented is whether the expenditures made by the taxpayer during the years involved were capital expenditures or expenses which should be deducted by the taxpayer as ordinary and necessary expense in carrying on its trade or business.
There is oftentimes a fine distinction between what is a captial expenditure and an ordinary and necessary business expense. Some items are clearly capital and other items are clearly expense, but between the two extremes a point is approached at which it is difficult to determine whether the expenditure is capital or an expense.
*914 An item, which might be classified as a capital expenditure under certain circumstances, may, under different facts and circumstances, be considered expense. Repairs in the nature of replacements which appreciably prolong the life of the property and arrest deterioration, or acquisitions by a taxpayer which are additions to the plant or facilities, may be classed as capital expense, whereas, incidental repairs which neither materially add to the value of the property nor appreciably prolong its life but merely keep it in an ordinary, efficient operating condition, might be classified as expense items.
This, however, is not an invariable rule and the particular circumstances of the case must be taken into consideration in determining into which class the expenditures fall. In this case the tubes which were purchased by the taxpayer and used in repairing the evaporators were small parts of a large machine. They were short-lived; that is, they had to be replaced every two or three years. The tubes merely kept the evaporator in an ordinary, efficient working condition. They were not additions which added anything, to the value of the machine, except such value as was added by the fact that the machine was kept in an efficient condition. There were about 2,400 of these small tubes in the evaporator. They were not in any sense separate units but were mere parts of one machine.
Expenditures for small parts of a large machine, in order to keep that machine in an efficient working condition, under the facts of this case, are, in our opinion, ordinary and necessary expenses and are not capital expenditures. The machine as a whole was repaired by replacing the worn out parts, while the parts when they were acquired as a part of the machine were, of course, a part of the capital acquisition. The replacing of the small parts as they wear out, under such circumstances, is properly expense. When a building is erected the flooring, nails and other small supplies of course enter into the capital cost of the building, yet when a building is repaired, the cost of replacing planks in the floor, and the cost of nails in making repairs, while it might be a considerable item, is entirely different from the ordinary cost of such things when the building is being erected. As in the case of the locomotive involved in this appeal, expenditures to replace certain worn out parts, as worn out tubes, broken parts, wheels, etc., merely keep the machine in operating condition. The statute contemplates that assets used in a trade or business are to be kept in an efficient operating condition by rejaairs, and money expended in making such repairs is considered an expense and allowed as a deduction by the statute. A different situation might result if the taxpayer had acquired a large number of tubes for the purpose of making repairs in the *915 future and had kept large quantities of supplies on hand, but the taxpayer did not do that in this case. The expenditures were for repairs which were actually made during the taxable years.
From a consideration of all the evidence, we are of the opinion that the entire amount expended by the taxpayer during the years involved, which is set out in the findings of fact, was an ordinary and necessary expense and the taxpayer is entitled to deduct the same in determining its net income.
Judgment for the fetitioner. Order of re-determination wild be entered on 10 days'1 notice, under Rule 50.